# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8700 | **DATE** | 5/13/2013 |
| **CASE TITLE** | United States vs. Perry | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, the Court denies Defendant's motion to vacate, set aside, or correct his conviction and sentence under 18 U.S.C. § 2255 [1], declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment in favor of the United States.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

## STATEMENT

By way of background, Defendant/Petitioner Frederick Perry was indicted on one count of distributing 50 grams or more of mixtures containing cocaine base in the form of crack cocaine in December 2006. On June 26, 2008, Perry entered a "blind" guilty plea to the charge before Judge Hibbler, to whom this case was then assigned. Although Perry's motion refers to a plea agreement with the Government, Perry's guilty plea was not taken by the district court pursuant to a plea agreement. As is common in the context of a "blind" plea, Perry filed a plea declaration. The plea agreement attached to Perry's motion as "App. A" appears to be a copy of the draft plea agreement that the Government tendered to Perry's counsel during plea negotiations.

On February 26, 2009, the Court sentenced Perry to 226 months' imprisonment and five years of supervised release. The district court adopted the uncontested Presentence Investigation Report's Guideline calculations, under which Perry's career offender advisory Guideline range was 262 to 327 months. Perry did not appeal his conviction or sentence. Rather, on November 5, 2012, he filed a motion to vacate, set aside, or correct his sentence under 18 U.S.C. § 2255.

Perry contends that he received ineffective assistance of counsel. His claim is based on allegations that his counsel did not communicate a favorable plea offer to him, that counsel did not sufficiently explain to him the advisory nature of the career offender Guideline, and that, despite Perry's request, counsel failed to file a notice of appeal challenging the district court's application of the career offender Guideline.

The Seventh Circuit has stressed that "relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under § 2255, relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise

| STATEMENT |
|---|

subject to collateral attack." *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255). A § 2255 motion is not a substitute for a direct criminal appeal. See *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (stating that a § 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal").

The Government contends that Perry's motion is untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of: (1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)-(4).

Perry filed his § 2255 motion more than three years after his conviction became final, making it untimely under subsection (1) of § 2255(f), and he does not allege a government-created impediment to filing or the late discovery of any facts supporting his claims. Rather, Perry invokes subsection (3) and contends that the right upon which he relies was only recently recognized by the Supreme Court. Perry relies on the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and its companion case, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), for the proposition that counsel has a Sixth Amendment duty to communicate plea offers that may be favorable to the defendant and that he was deprived of the opportunity to make an informed decision regarding the Government's plea offer. See, *e.g.*, *Cooper*, 132 S. Ct. at 1385 (holding that to show prejudice in the context of an unaccepted plea offer, a defendant must show that but for the ineffective assistance of counsel, there is a reasonable possibility that the defendant would have accepted the plea, the court would have accepted its terms, and the defendant's sentence would have been less severe than the one actually imposed).

These rules certainly provide significant legal support for Perry's claim (the Court expresses no judgment on whether Perry could support his claim factually). However, as the Seventh Circuit has made clear, *Frye* and *Cooper* did not announce a new right under the Sixth Amendment. See *Hare v. United States,* 688 F.3d 878, 879-80 (7th Cir. 2012). In *Hare*, the Seventh Circuit concluded that the Supreme Court's discussion in *Frye* and *Cooper* "repeatedly and clearly spoke of applying an established rule to the present facts" and that "the Court's actions show that it was applying an old rule that the state courts [in *Frye* and *Cooper*] had misapplied. *Id.* at 879. The Seventh Circuit's decision in *Hare* concerned the question of whether the movant in that case could file a successive § 2255 motion under § 2255(h), but the question that the court addressed is conceptually indistinguishable from the one at issue in the present case. See also *U.S. v. Khattab*, 2013 WL 1340521, at *1 (N.D. Ill. Mar. 29, 2013). Accordingly, Perry's motion is untimely by more than two years.

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Turning its attention to whether to grant a certificate of appealability pursuant 28 U.S.C. § 2253(c)(2), the Court notes that § 2253(c)(2) does not confer an absolute right to appeal a district court's denial of a § 2255 motion. Instead, a petitioner first must request a certificate of appealability ("COA"). See *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); see also 28 U.S.C. § 2253(b). Perry is entitled to a COA only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, the Court must conclude that

| STATEMENT |
|---|

reasonable jurists would find the Court's assessment of his § 2255 claims debatable or wrong. See *Miller-El*, 537 U.S. at 337; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the Court finds no reason why reasonable jurists would debate or disagree with the Court's ruling that Perry's claim is untimely. In fact, a recent Seventh Circuit decision, by which the Court is bound, squarely rejects Perry's contention. See *Hare v. United States,* 688 F.3d at 879-80. Therefore, the Court declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2).

### III. Conclusion

For the foregoing reasons, the Court denies Defendant's motion to vacate, set aside, or correct his conviction and sentence under 18 U.S.C. § 2255 [1], declines to certify any issue for appeal pursuant to 28 U.S.C. § 2253(c)(2), and directs the Clerk to enter judgment in favor of the United States.